UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARC WEINSTEIN,

        Plaintiff,

    -against-

PATRICK RYDER, Police Commissioner, Nassau County, New York,

LT. MARK TIMPANO, Commander, Pistol License Section, Nassau County Police Department;

INVESTIGATOR IMPERIALE, Police Officer and Investigator, Nassau County Police Department, Pistol License Section,

And

The COUNTY OF NASSAU,

        Defendants

CIVIL ACTION NO.

COMPLAINT

Jury Trial Demanded

## COMPLAINT

1. Plaintiff, MARC WEINSTEIN, by and through his attorney, Robert T. Bean, files this COMPLAINT, and respectfully sets forth to this Court as follows:

### PRELIMINARY STATEMENT

2. This action is brought pursuant to the provisions of 42 U.S.C. § 1983 and § 1985 for deprivation of Plaintiff's and other similarly situated persons constitutional rights, including, the right to free speech, his rights to keep and bear arms, and effective taking of property all without a hearing, denial of due process including his right to confront witness against him. All the above violations were done pursuant to the rules, regulations and procedures adopted by the Police Department of Nassau County and approved by the highest level of authority in the Department and County.

### JURY TRIAL DEMANDED

3. Plaintiff demands trial by jury in this action.

### JURISDICTION AND VENUE

4. This action arises under the 1st, 2nd, 5th and 14th Amendments to the United States Constitution, under 42 U.S.C §§ 1983, 1985 and 1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. § 1331 and § 1343(a) (1), (2) and (3) and upon pendent and ancillary jurisdiction.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

7. The Plaintiff was and still is a resident citizen of the County of Nassau, State of New York.

8. Upon information and belief, at all times hereinafter mentioned, Defendant PATRICK RYDER is the Police Commissioner, Nassau County, New York, whose place of business is in Nassau County, New York.

9. Upon information and belief, at all times hereinafter mentioned, Defendant LT. MARK TIMPANO, is the Commander, Pistol License Section, Nassau County Police Department, whose place of business is in Nassau County, New York.

10. Upon information and belief, at all times hereinafter mentioned, Defendant INVESTIGATOR IMPERIALE, is a Police Officer and Investigator, Nassau County Police Department, Pistol License Section, whose place of business is in Nassau County, New York.

11. Defendant, COUNTY OF NASSAU, is a duly constituted municipal corporation of the State of New York, existing and operating under and by virtue of the laws of the State of New York.

## FACTS

12. During August of 2018, the Plaintiff MARC W. WEINSTEIN received a letter from the Nassau County Police Department suspending his pistol license due to an unknown and undefined "incident." Later his pistol license was revoked because of alleged "Multiple threats of violence communicated via telephone to NY Rising personnel." It is totally unknown to Plaintiff to what this language refers.

13. Without legal authority to do so, the defendants demanded that Plaintiff dispossess himself of and transfer to a licensed gun dealer all of his pistols and long guns. The defendants threatened that if he failed to do so within two days, he would be arrested and charged with illegal possession of guns and firearms.

14. As a result of the aforesaid threats of arrest and prosecution, under duress, Plaintiff sold his gun collection to a licensed gun dealer for a sum far below the market value of his firearms to his loss of approximately $75,000.00.

15. Following the receipt of the suspension letter, Plaintiff, by letter, **Exhibit A**, attached hereto and incorporated herein, demanded a prompt post deprivation

hearing. No such hearing was provided, the so-called witness was not identified, the time and date of the alleged threats were not disclosed and no further information was provided to the Plaintiff. Instead Plaintiff's pistol license was revoked and he was permanently prohibited from possessing arms without the most basic due process.

16. On information and belief, it is the policy of the NASSAU COUNTY POLICE DEPARTMENT and the Commissioner of Police to revoke pistol license at their own discretion and then, without legal authority to do so, prohibit the possession of long guns permanently without a hearing even though it has been ordered by the United States Courts to provide such hearings.

17. Plaintiff has not been arrested or charged with any crimes as a result of the alleged "threats" nor is he or has he been subject to any Order of Protection arising out of this or any other matter.

## COUNT ONE

(Right to Free Speech)

18. Paragraphs 1 through 17 are re-alleged and incorporated as if they are fully set forth herein.

19. The First Amendment of the United States Constitution prohibits Congress and, through the Fourteenth Amendment, the States and subdivisions thereof from "abridging the freedom of speech."

20. A long-settled principle in the First Amendment jurisprudence is that a prior restraint on the freedom of expression subject to unbridled will and discretion of an administrator or an official is unconstitutional and will not stand. Even where there is written guidance for a licensor to rely on, if such guidance is de facto too vague and overbroad so as to ultimately depend on the broad and unregulated decision making of the official it is found in violation of the First Amendment rights.

21. If a prior restraint on speech is to survive judicial review it needs to be narrowly tailored to the compelling government interest. In other words, law subjecting exercise of First Amendment freedoms to prior restraint of a license, without narrow, objective, and definite standards to guide licensing authority is unconstitutional.

22. In the case at hand, the Notice of Pistol License Revocation of October 5, 2018, attached hereto as **Exhibit B**, refers to Nassau County Police Department Pistol License Section Handbook Sections I(1) and I(2) and identifies the lack of good moral character as well as alleged "threats of violence communicated via telephone to NY Rising personnel" as reasons for revocation.

23. Pistol License Section Handbook Section I(1) lays grounds for automatic revocation as follows: "a. In the event a licensee is named as the respondent in a permanent Order of Protection; b. Upon the conviction of a licensee anywhere of a felony or serious offense; c. Upon the conviction of a licensee of a misdemeanor crime of domestic violence; or d. The licensee is deemed not mentally fit." None of these grounds are present in the case at hand.

24. Pistol License Section Handbook Section I(2)(t) allows revocation in "incidents, *regardless of whether an arrest was made or a case was prosecuted*, where the licensee . . . 2) has caused or threatened bodily harm to another person, or 3) is behaving irrationally and in a manner that causes a normal rational person to be fearful or threatened by the licensee having access to firearms". The Handbook institutes no fact-finding procedures or standards to be followed in either establishing these facts and conditions and places them completely within the officer's unbridled discretion.

25. Similarly, "Good Moral Character" is "defined" by the Handbook as "not evincing a propensity to disregard lawful authority." Such definition by necessity circulates back to an opinion of an administrative official, without any requirement for substantiation.

26. Pistol License Section Handbook is the main source of guidance for the officers in the Department as to the revocation policies. It is created internally, meaning that even the overbroad and unprecise text that is currently in existence presents a mostly voluntarist act of self-policing which can be changed at any

moment with the same lack of any true restriction that already caused the defendants to violate the rights of Mr. Weinstein and similarly situated persons.

27. The NASSAU COUNTY POLICE DEPARTMENT'S policy of revoking pistol licenses and the total and permanent prohibition of arms by an individual for undefined and undisclosed "threats" based on a secret witness, without disclosing the words stated, the time and date of the alleged statements constitutes a prior restraint on Plaintiff's freedom of speech and the free exercise thereof and produces a "chilling affect" on speech by gun owners in Nassau County as they cannot know what statements will be termed "threats" whether the statement was made in business dealing or domestic situations or otherwise. It threatens the infringement of his constitutional right to keep and bear arms if he exercises his right of free speech in a loud manner or in any manner contrary to the wishes of any person with whom his is communicating or in manners not desired by the NASSAU COUNTY POLICE DEPARTMENT.

## COUNT TWO
(Right to Keep and Bear Arms)

28. Paragraphs 1 through 27 are re-alleged and incorporated as if they are fully set forth herein.

29. The Second Amendment to the United States Constitution, which applies to the States and subdivisions thereof through the Fourteenth Amendment,

provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

30. The above-described acts of Defendants ordering prohibition of the possession arms by the Plaintiff, and other similarly situated persons, without hearing, without due process on the bases of secret "evidence" abridged and infringed on the right of the Plaintiff and other similarly situated persons to keep and bear arms in violation of U.S. Const., Amends. II, V and XIV.

## COUNT THREE
(Due Process)

31. Paragraphs 1 through 30 are re-alleged and incorporated as if they are fully set forth herein.

32. The Fifth and Fourteenth Amendments to the United States Constitution provide that no State shall deprive any person of life, liberty, or property without due process of law.

33. The firearms prohibited by Defendants constituted private property that was lawfully possessed by Plaintiff pursuant to State and Federal law. Moreover, the manner in which Plaintiff kept, bore, and possessed such property was a liberty interest recognized by State and Federal law.

34. Further, New York State law requires a permit issued by the State to possess handguns, a type of firearm commonly used and possessed by the people for the purpose of self-defense in the home and elsewhere and for other lawful purposes. In suspending and revoking Plaintiff's pistol license without cause, without any standards for guidance, without provisions for judicial review of the licensing officer's decision, with unlimited discretion on the part of the licensing officer, with no time limits on making any ruling or decision, Plaintiff has been denied due process of law.

35. As United States Court of Appeals for the Second Circuit has indicated in *Panzella v. Sposato* et al, 863 F.3d. 210 (2nd Cir., July 18, 2017), reaffirming and adopting the decision in *Razzano v. County of Nassau*, 765 F.Supp.2d. 176, E.D.N.Y. (2011), a gun owner is entitled to prompt hearing before **neutral decision-maker** following county's prohibition of arms, and the county's refusal to hold a hearing violates the Fourteenth Amendment right to due process.

36. Prohibition of Plaintiff's possession of rifles and shot guns (long guns) without cause, with no procedure for judicial review, based on secret "evidence," without allowing the Plaintiff to cross-examine witness against him or to call witnesses on his behalf, and violations of the Orders and Decisions of this Court that required at least a prompt post-deprivation hearing in such situations, deprived the Plaintiff of due process of law.

COUNT FOUR

(Monell Claim)

37. Paragraphs 1 through 36 are re-alleged and incorporated as if they are fully set forth herein.

38. The Plaintiff was deprived of his constitutional rights as set forth above as a result of the policy of the Nassau County Police Department to prohibit possession of all arms, permanently, if at their sole discretion they decide to revoke his pistol license without hearing or due process as set forth above.

39. The Nassau County Police Department is an agency of the County of Nassau. The County, the Nassau County Police Department and the Commissioner of Police of Nassau County are charged with the duty of devising and implementing department policies. Said officials directed and ordered members of the Nassau County Police Department to execute said policies.

40. The County of Nassau through the aforesaid officials implemented, continued and/or ratified the aforesaid gun policy. The Commissioner of Police, District Attorney, County Attorney, County Executive and/or Legislature are and were aware of said policy and approved, continued and/or ratified same thereby approving and causing the denial of Plaintiff's Constitutional rights under the 1st, 2nd, 5th and 14th Amendments of the United States Constitution.

41. The County of Nassau, through it's Commissioner of Police, Chief of the Nassau County Police Department, District Attorney, County Attorney, County Executive and/or Legislature, with knowledge of the decisions in *Panzella v. Sposato* et al, 863 F.3d. 210 (2nd Cir., July 18, 2017) and *Razzano v. County of Nassau*, 765 F.Supp.2d. 176, E.D.N.Y. (2011) intentionally failed and refused to implement prompt post deprivation procedures before a neutral judge, thereby causing, ratifying and/or approving the denial of plaintiffs' constitutional rights to due process under the 5th and 14th Amendments of the United States Constitution.

42. As a result of aforesaid governmental policy, which resulted in the denial of Plaintiff's constitutional rights, the County of Nassau is liable to the Plaintiff for monetary damages and injunctive relief.

COUNT FIVE
(New York Penal Law Art. 400 is Unconstitutional)

43. Paragraphs 1 through 42 are re-alleged and incorporated herein as if they are fully set forth.

44. To the extent the "policy" and acts and omissions as set forth and complained of above are derived from, authorized or justified by the language of McKinney's Penal Law Articles 400 and 265, that gives the licensing officer almost unlimited discretion to grant, deny, suspend, revoke, delay or limit a pistol

license and to then extend the prohibition to long guns permanently without any "due process" or to confront witnesses against him, such law is unconstitutional.

## COUNT SIX
(Against PATRICK RYDER, LT. MARK TIMPANO, INVESTIGATOR IMPERIALE for deprivation of rights under 42 U.S.C.A. § 1983)

45. Paragraphs 1 through 44 are re-alleged and incorporated herein as if they are fully set forth.

46. PATRICK RYDER, LT. MARK TIMPANO, INVESTIGATOR IMPERIALE knew or should have known about the United States Supreme Court decisions in the *District of Columbia v. Heller*, 554 U.S. 570 (U.S.,2008), *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (U.S.,2010).

47. PATRICK RYDER, LT. MARK TIMPANO, INVESTIGATOR IMPERIALE knew or should have known about the decisions of the United States District Courts Eastern District of New York and the Second Circuit Court of Appeal in *Panzella v. Sposato* et al, 863 F.3d. 210 (2nd Cir., July 18, 2017) and *Razzano v. County of Nassau*, 765 F.Supp.2d. 176, E.D.N.Y. (2011), specifically calling out the misconduct of Nassau County law enforcement in not providing appropriate due process in gun prohibition cases.

48. PATRICK RYDER, LT. MARK TIMPANO, INVESTIGATOR IMPERIALE recklessly disregarded all of these decisions and exhibited callous

indifference to the federally protected rights of Mr. Weinstein and other similarly situated persons.

49. As a result of said actions plaintiff is entitled to compensatory damages in the amount of one million dollars ($1,000,000.00) and punitive damages in the amount of one million dollars ($5,000,000.00).

## COUNT SEVEN
(Infliction of Emotional Distress and Mental Anguish)

50. Paragraphs 1 through 49 are re-alleged and incorporated herein as if they are fully set forth.

51. Plaintiff is a disabled member to the Fire Department of the City of New York, seriously injured as a result of the attack on the World Trade Center on September 11, 2001. As a result of said injuries, Plaintiff has undergone multiple surgeries and is in need of additional surgeries and treatment. Consequently, Plaintiff's only sporting activity in which he desires and is able to partake is rifle and pistol competitions. Plaintiff holds expert, master and high master qualifications in said competitions and participated in such lawful activity throughout the United States. As a result of the unlawful, unconstitutional permanent prohibition of arms by Plaintiff's, under threats of arrest and prosecution, he has been unable to participate in such activity. He has further been deprived of his constitutional right to possess arms for the purpose of defense in his own home.

52. Plaintiff conveyed said facts to defendants in an effort to have the prohibition lifted, but knowing plaintiff's disability and desires, defendants still refused and failed to lift the unlawful and permanent prohibition or to provide a post deprivation hearing before a neutral party.

53. Defendants' utter disregard for the constitutionally mandated due process manifested through the policy of the police department and the county which enshrined a voluntarist and outrageous depravation of an enumerated individual constitutional right thereby causing the plaintiff severe emotional distress and mental anguish.

54. As a result of said actions plaintiff is entitled to compensatory damages in the amount of one million dollars ($1,000,000.00) and punitive damages in the amount of one million dollars ($5,000,000.00).

WHEREFORE, Plaintiff prays that the Court:

1. Issue a temporary restraining order and preliminary and permanent injunctions:

    (a) Ordering the Defendants to cease and desist its policy prohibiting the possession of long guns when they have through their own discretion revoked a

pistol license without a court order or judicial finding and declaring such acts null and void;

(b) Institute a procedure for a hearing before a neutral judicial officer regarding the suspension or revocation the pistol licenses and for prohibiting possession of long guns based on the afore said no judicial suspensions and revocations, with defendant having the burden of proof thereof and gun owner the opportunity to cross examine witness against him.

2. Render judgment against defendants as follows:

(a) On each Count in such sums as may be determined upon the trial of this action, including, but not limited to actual and punitive damages;

(b) For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with cost and disbursements; and

(c) For such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
November 5, 2019

Robert T. Bean
Attorney for the Plaintiff
Law Office of Robert T. Bean
3033 Brighton 3rd Street
Brooklyn, New York 11235
(718) 616-1414
E-Mail: RBeanlaw@aol.com