UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARC WEINSTEIN,

                **Plaintiff,**

                -against-

**PATRICK RYDER, LT. MARK TIMPANO,
INVESTIGATOR IMPERIALE,
AND THE COUNTY OF NASSAU,**

                **Defendants.**
-------------------------------------------------------------------X

FILED
CLERK
2:49 pm, Mar 23, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
19-cv-6236 (SJF)(AKT)

**FEUERSTEIN, U.S.D.J.:**

## I. INTRODUCTION

Plaintiff Marc Weinstein ("Plaintiff") brought this 42 U.S.C.A. § 1983 action against defendants Patrick Ryder, Lieutenant Mark Timpano, Investigator Imperiale, and the County of Nassau (collectively, "Defendants") for alleged violations of Plaintiff's and other similarly situated persons' constitutional rights including, *inter alia*, Plaintiff's right to: (1) free speech, (2) keep and bear arms, and (3) Due Process. (Docket Entry ("DE") 1.) Plaintiff also challenges the constitutionality of New York Penal Law ("NYPL") § 400.00(11)(c).[1] Pending before this Court is Defendants' motion for judgment on the pleadings ("Motion") pursuant to Fed. R. Civ. P. ("Rule") 12(c). For the below reasons, the Motion is GRANTED in part and DENIED in part.[2]

---

[1] The parties do not address Plaintiff's emotional distress claim or Plaintiff's First Amendment claim in their filings, and therefore, the claims are considered abandoned. *See Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (collecting cases and deeming abandoned claims that plaintiff did not address in his opposition to motion for judgment on the pleadings).

[2] The Court finds that Plaintiff has complied with the requirements of Rule 5.1(a). Defendants' assertions to the contrary are dismissed as moot.

1

## II.     BACKGROUND

### A.     Factual Allegations

In August 2018, Plaintiff received a letter from the Nassau County Police Department ("NCPD") advising him that his pistol license had been suspended. (DE 1 at ¶ 12.) On October 5, 2018, Plaintiff received a second letter ("Revocation Letter") from the NCPD advising him that his pistol license had been revoked based on his alleged "[l]ack of moral character" and "threats of violence communicated [by Plaintiff] via telephone to NY Rising personnel." (DE 1-2 at 2-3.) The Revocation Letter directed Plaintiff, within 30 days, to dispose of or transfer his pistols and long guns or longarms ("Longarms") to a licensed gun dealer, and that failure to do so would result in his arrest and charge for unlawful possession of guns and firearms. (DE 1 at ¶ 13, DE 1-2 at 3.) In response to the Revocation Letter, Plaintiff sold his guns to a licensed gun dealer allegedly at a loss. (DE 1 at ¶ 14.) The Revocation Letter states that "[u]pon receipt by a licensee of a revocation/downgrade letter from the Pistol License Section, the licensee MUST send a letter to the Pistol License Section via certified mail within ten (10) days, requesting an appeal of the revocation/downgrade. The licensee will then receive instructions regarding the appeal process." (DE 1-2 at 2-3.) Plaintiff instead wrote a letter to the NCPD demanding a prompt post-deprivation hearing; however, the letter is not dated and does not identify where it was mailed to. (*Id*. at ¶ 15; DE 1-1 at 2.) A post-deprivation hearing was never provided.

### B.     New York Penal Law § 400.00 Overview

"New York State maintains a general prohibition on the possession of firearms absent a license." *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 113 (2d Cir. 2020) (internal citations and quotations omitted). NYPL § 400.00 "is the exclusive statutory mechanism for the licensing of firearms in New York State." *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, 85-86

2

(2d Cir. 2012) (internal quotations and citations omitted). A person applying for a firearm license must demonstrate that they possess "good moral character" and that they have "not had a license revoked or [are] not under a suspension or ineligibility order issued pursuant to the provisions of section 530.14 of the criminal procedure law or section eight hundred forty-two-a of the family court act" and "concerning whom no good cause exists for the denial of the license." NYPL § 400.00(1); *see also Fusco v. Cty. of Nassau*, No. 19 cv 04771, 2020 WL 5820173, at *5 (E.D.N.Y. Sept. 30, 2020).

Various Courts in this District have addressed the distinction between and among pistols, handguns, and longarm guns as they relate to NYPL § 400.00. *See Id* at *5; *see also Weinstein v. Krumpter*, 386 F. Supp. 3d 220, 225 (E.D.N.Y. 2019). For the purposes of this case, the Court notes that longarms or long guns, which include most rifles and shotguns, are treated differently as compared to handguns and pistols in terms of licensing requirements under NYPL § 400.00. *See Id* at 225-227. Notably, longarms "pose a unique legal issue because unlike other firearms 'there is no license requirement for the purchase or possession.'" *Panzella v. Cnty. of Nassau*, No. 13 cv 5640, 2015 WL 5607750, at *1 (E.D.N.Y. Aug. 26, 2015) (citing *Razzano v. Cnty. of Nassau*, 765 F. Supp. 2d 176, 180 (E.D.N.Y. 2011)). However, when a person's handgun license is revoked pursuant to NYPL § 400.00(11)(c), the person is required to "surrender such license to the appropriate licensing official and any and all firearms, rifles, or shotguns owned or possessed by such person shall be surrendered to an appropriate law enforcement agency." NYPL § 400.00(11)(c). Plaintiff contends that this provision of the law, NYPL § 400.00(11)(c), is unconstitutional.

### III.   DISCUSSION

#### A.   Standard of Review for a Motion for Judgment on the Pleadings

"The standard of review on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same standard of review applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Marte v. Safety Bldg. Cleaning Corp.*, No. 08 cv 1233, 2009 WL 2827976, at *1 (S.D.N.Y. Sept. 2, 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotation marks and citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (internal citations omitted).

"[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).   A court deciding a motion to dismiss must liberally construe the claims at issue, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013) (internal quotation marks and citations omitted).

##### 1.   Second Amendment Claim

Plaintiff's Second Amendment claim alleges that Defendants' "ordering prohibition of the possession arms by the Plaintiff, and other similarly situated persons, without hearing, without due process on the basis of secret 'evidence' abridged and infringed on the right of the

4

Plaintiff [. . .] to keep and bear arms in violation of [the] U.S. Const., Amends. II, V and XIV." (DE 1 at 9.) Defendants argue that "[b]ecause there is no constitutional right to possess and retain some particular gun, such as a pistol, Plaintiff is unable to show that he has a specific constitutional right to a pistol license." (DE 20-4 at 11.) Defendants also argue that "[t]he Complaint fails to state a claim that the County Defendants are acting unconstitutionally by simply enforcing New York State Firearms regulations[.]" *Id* at 14.

The Second Amendment protects a citizen's right to possess a firearm in the home for self-defense. *See District of Columbia v. Heller*, 554 U.S. 570 (2008). "As the United States Supreme Court ruled in *Heller*, self-defense of the home constitutes a 'lawful purpose' and 'the central component of the right [to bear arms].'" *Abraham v. Town of Huntington*, No. 17 cv 03616, 2018 WL 2304779, at *12 (E.D.N.Y. May 21, 2018) (quoting *Heller*, 554 U.S. at 599).

However, as this Court held in *Napolitano v. Ryder* No. 18 cv 3607, 2019 WL 365710, at *8 (E.D.N.Y. Jan. 30, 2019), "[b]ecause there is no constitutional right to possess and retain some particular gun, such as a pistol," a citizen does not have a "specific constitutional right to a pistol license[.] [N]ew York law vests the License Division with broad discretion in determining whether to deny a handgun permit," *Toussaint v. City of N.Y.*, No. 17-CV-5576, 2018 WL 4288637, at *7 (E.D.N.Y. Sept. 7, 2018), and because "[t]he presence of that discretion precludes any legitimate claim of entitlement," *Spanos v. City of New York*, No. 15-CV-6422, 2016 WL 3448624, at *2 (S.D.N.Y. June 20, 2016), a [citizen] does not have a specific constitutional right to a pistol license. *See Toussaint,* 2018 WL 4288637, at *7 (dismissing plaintiff's complaint because he could not show that he has a protected liberty or property interest in a possible future [handgun] license) (internal citations omitted)." *See also Perros v. County of Nassau,* 238 F. Supp. 3d 395, 400 (E.D.N.Y. 2017) (holding that a New York plaintiff did not have a protected interest in a pistol

5

permit) (internal citations omitted). Accordingly, to the extent Plaintiff claims a violation of his Second Amendment right based on revocation of his pistol license, the claim is dismissed with prejudice.

Plaintiff seems to allege in his Motion papers that his Second Amendment right was also violated because Defendants' actions forced Plaintiff to dispose of his Longarms; however, this claim is not alleged in the Complaint. Instead, Plaintiff's Second Amendment claim, two paragraphs in length, states generally that Plaintiff's rights were violated without any specificity as to how the rights were violated. Plaintiff's claim as to his Longarms is dismissed without prejudice.

### 2.     Fourteenth Amendment Due Process Claim

Defendants move to dismiss Plaintiff's procedural Due Process claim on the grounds that: (1) Plaintiff failed to exhaust his state administrative remedies, and (2) Plaintiff failed to properly plead a Due Process violation.[3]

Defendants' first argument is without merit. "[U]nder section 1983, plaintiffs are not required to exhaust administrative remedies." *Waltier v. N.Y. Police Dep't*, 856 F. Supp. 196, 199 (S.D.N.Y. 1994), aff'd, 52 F.3d 311 (2d Cir. 1995). Therefore, Plaintiff was not required to first appeal the NCPD's decision to revoke his pistol license before filing this case.

Defendants' next argument, that Plaintiff failed to plead a Due Process violation, has merit. Plaintiff's Due Process arguments can be categorized as: 1) violations concerning revocation of Plaintiff's pistol license without Due Process, and 2) revocation of his Longarm

---

[3] The Court notes that Defendants cite no authority for the proposition that Plaintiff was required to exhaust his administrative remedies before initiating the present action. Further, the only case Defendants cite to— *Pacicca v. Allesandro*, 19 A.D.3d 500 (2d Dept. 2005)—does not address whether an appeal to the NCPD is a prerequisite to filing the present case.

guns without Due Process. The Court, however, cannot assess whether a Due Process violation occurred because the Complaint does not allege how the appeal process in place—of which Plaintiff did not avail himself—would have deprived him of Due Process. Plaintiff fails to allege how the NCPD appeal process is an insufficient post-deprivation hearing process. Therefore, Plaintiff's Due Process claim is dismissed without prejudice for failure to state a claim.[4]

### 3. *Monell* Claim

Plaintiff alleges a *Monell* claim for municipal liability. *Monell v. Dept. of Social Services of City of N.Y.*, 436 U.S. 658 (1978). Plaintiff alleges that "[t]he County of Nassau through the aforesaid officials implemented, continued and/or ratified the aforesaid gun policy. The Commissioner of Police, District Attorney, County Attorney, County Executive and/or Legislature are and were aware of said policy and approved, continued and/or ratified same thereby approving and causing the denial of Plaintiff's Constitutional rights under the 1st, 2nd, 5th and 14th Amendment to the United States Constitution." (DE 1 at 12.) Defendants argue that they cannot be held liable under *Monell* because the Plaintiff has failed to allege that any Policy is unconstitutional. The Court is not able to assess whether a constitutional violation occurred at this time. Plaintiff's *Monell* claim survives.

### 4. New York Penal Law § 400.00(11)(c)

Plaintiff dedicates one paragraph of his Complaint to his claim that NYPL § 400.00(11)(c) is unconstitutional. However, "[m]ultiple cases have upheld the constitutionality of Section

---

[4] The Court notes that, for Plaintiff to succeed on his 42 U.S.C. § 1983 claims, he will have to allege personal involvement from each named defendant. Failure to do so is fatal to his claims. Further, Plaintiff must identify which causes of action apply to each defendant, in what capacity each defendant is being sued, and which allegations support each cause of action. This is not, however, an exhaustive list of the defects in Plaintiff's Complaint.

400.00[.]" *Napolitano*, 2019 WL 365710, at *9 n.6. Specifically, the Court in *Weinstein v. Krumpter*, applying intermediate scrutiny, held that NYPL § 400.00(11) is constitutional and recognized that the law grants police officers extremely broad discretion to issue or revoke a firearm license. *Weinstein*, 386 F. Supp. 3d at 231-232. *See also Henry v. Cty. of Nassau*, 444 F. Supp. 3d 437, 446 (E.D.N.Y. 2020) ("Nassau County's interpretation of NYPL § 400.00(11), as in, that it can seize firearms, including longarms, at any time, is substantially related to the important government interest of preventing domestic violence. Furthermore, as noted above, the County's interpretation of NYPL § 400.00(11) is shared by other courts in this district.") This Court agrees with the Courts in this District as to the constitutionality of NYPL § 400.00(11). The claim is dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Rule 12(c) Motion is granted in part and denied in part. Although Plaintiff did not request to amend his Complaint, given the lack of clarity surrounding many of the claims discussed above and the fact that Plaintiff has not previously amended his Complaint, the Court will grant Plaintiff leave to file an amended Complaint should he so choose. Plaintiff shall have 28 days from entry of this Opinion and Order to do so.

It is on this **23rd day** of **March 2021**:

**ORDERED**, that Defendants' Motion is granted as to Plaintiff's: (1) emotional distress claim, (2) First Amendment claim, (3) claim alleging that New York Penal Law § 400.00(11)(c) is unconstitutional, and (4) Second Amendment claim as to his pistol license and pistol, and is otherwise denied.

**ORDERED,** that Plaintiff is GRANTED leave to file an amended complaint 28 days from entry of this Opinion and Order.

       **SO ORDERED.**

       */s/ Sandra J. Feuerstein*

       **Sandra J. Feuerstein**
       **United States District Judge**